UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EXECUTIVE RISK SPECIALTY INSURANCE COMPANY, </br>     Plaintiff and Counter-Defendant, </br></br> vs. </br></br> PROLIANCE ENERGY, LLC, and BRIANE HOUSE, </br>     Defendants and Counter-Claimants, </br></br> HARRY BUSH, </br></br>     Defendant. </br>_____ </br></br> VECTREN ENERGY MARKETING & SERVICES, INC., and CITIZENS BY-PRODUCTS COAL COMPANY, </br>     Proposed Intervenors. | 1:05-cv-0504-LJM-WTL |

## ORDER ON MOTION TO INTERVENE

This matter is before the Court on the motion of proposed intervenors Vectren Energy Marketing & Services, Inc. ("Vectren"), and Citizens By-Products Coal Company ("Citizens") (collectively, "Proposed Intervenors"). The Proposed Intervenors seek to intervene as a matter of right to protect their interests under an insurance policy issued by plaintiff, Executive Risk Specialty Insurance Company ("ERSIC"). In the alternative, the Proposed Intervenors seek permission to intervene on the grounds that they have claims at issue that involve common questions of law and fact. For the reasons explained herein, the Proposed Intervenors' motion is **DENIED**.

## I. BACKGROUND

ERSIC and defendant ProLiance, LLC ("ProLiance") are parties to an insurance policy (the "Policy"), whereby ERSIC is responsible for ProLiance's "Defense Expenses," which are defined in the Policy as "reasonable legal fees and expenses incurred by or on behalf of any **Insured** in the defense or appeal of any **Claim**, including costs of appeal, attachment or similar bonds." Policy ¶ II (E). The "Insureds" under the Policy include any partner, member, director, officer or employee of ProLiance. The Policy excludes coverage, including Defense Expenses, for any claim that was

> (A) brought about or contributed to in fact by:
>
>> (1) any knowing, intentional dishonest, fraudulent or criminal **Wrongful Act** by an **Insured**;
>> (2) any willful or intentional violation of statute, rule, law or regulation by an **Insured**; or
>> (3) the gaining of any profit, remuneration or advantage by an **Insured** to which the **Insured** was not legally entitled;
>
> provided, that this EXCLUSION (A) shall only apply to an **Insured** if it is established that the **Insured** participated in or acquiesced in the knowing, intentional, dishonest, fraudulent or criminal act or omission or the willful or intentional violation [or . . . .]
>
> (M) based on or directly or indirectly arising out of or resulting from an **Insured's** liability under any contract or agreement.

Policy ¶ III (A) & (M).

On May 20, 2002, the City of Huntsville, Alabama, filed a lawsuit (the "Underlying Action") against ProLiance and two of its employees, Briane House ("House") and Harry Bush ("Bush"). Compl. ¶ 1. ProLiance sought a defense from ERSIC under the Policy. *Id.* Pursuant to the Policy, ERSIC paid $1,265,743.30 in Defense Expenses. *Id.* ¶ 9. ERSIC alleges it made the payments subject to a final amount being agreed upon or determined pursuant to provisions of the Policy and

applicable law. *Id.* ¶¶ 1, 9. ProLiance, House and Bush incurred defense costs in excess of $2 million. A jury found against them for breach of contract and breach of fiduciary duty arising out of contract, RICO violations, fraud, fraud in the inducement, conspiracy to defraud, and intentional interference with contractual relations. *Id.* ¶¶ 1, 10. ProLiance is currently appealing the judgment entered against it.

ERSIC brought its complaint against ProLiance, Bush, and House (collectively "ProLiance") on April 8, 2005, seeking a declaratory judgment that ERSIC is not responsible for ProLiance's defense expenses in the Underlying Action. Compl. ¶ 17. ERSIC alleges that the trial court's holdings and the jury's findings in the Underlying Lawsuit establish that ProLiance is not entitled to coverage under the Policy for Defense Expenses in the Underlying Lawsuit. Compl. ¶ 13. ERSIC also brings a claim against ProLiance for breach of contract for ProLiance's refusal to return to ERSIC some defense expenses ERSIC already paid, and a claim for money had and received. *Id.* ¶¶ 18-26.

Citizens and Vectren, as members of ProLiance, are "Insureds" under the Policy. Neither Citizens nor Vectren were parties in the underlying lawsuit in Alabama.

## II. STANDARD

Rule 24 of the Federal Rules of Civil Procedure governs intervention. A party may intervene as of right

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). A party may be permitted to intervene when it has a claim or defense with questions of law or fact common to the main action. Fed. R. Civ. P. 24(b).

In evaluating a motion to intervene, the Court accepts as true the proposed intervenors allegations. *Central States, Southeast and Southwest Areas Health & Welfare Fund v. Old Security Life Ins. Co.*, 600 F.2d 671, 679 (7th Cir. 1979). A motion to intervene as a matter of right should not be denied unless "it appears to a certainty that the intervenor is not entitled to relief under any set of facts which could be proven under the complaint." *Lake Investors Dev. Group, Inc. v. Egidi Dev. Group*, 715 F.2d 1256, 1258 (7th Cir. 1983).

### III. DISCUSSION

The Court must deny the Proposed Intervenors' motion to intervene, because they have not demonstrated a legally protectable interest that is at risk. An applicant can only properly intervene where the interest involved "belongs to the proposed intervenor rather than to an existing party in the suit . . . [and] must be so direct that the applicant would have a right to maintain a claim for the relief sought." *Keith v. Daley*, 764 F.2d 1265, 1268 (7th Cir. 1985) (internal citations omitted).

The Proposed Intervenors have not alleged they have claims against them under the Policy. They claim to have an interest in coverage under the Policy, yet they have not requested coverage or made a claim on the Policy. The claims in the Underlying Action are against ProLiance, House and Bush only. Thus, the Proposed Intervenors do not have any ripe interest of their own in coverage under the Policy.

Nor do the Proposed Intervenors have any independent right to maintain a claim against ERSIC. They cannot intervene by permission, because they do not have an independent case or

controversy with common issues of law or fact. The Proposed Intervenors cannot demonstrate they have suffered or will suffer any direct injury if the Court finds that ERSIC was not obligated to provide a defense to ProLiance in the Underlying Action.

## IV.  **CONCLUSION**

The Proposed Intervenors cannot demonstrate that they must intervene in order to protect a direct interest at risk in this litigation. The motion to intervene is **DENIED**.

IT IS SO ORDERED this 15th day of November, 2005.

                                                                       *Larry J. McKinney*
                                                                       LARRY J. McKINNEY, CHIEF JUDGE
                                                                       United States District Court
                                                                       Southern District of Indiana

Distribution attached.

Electronically distributed to:

David H. Anderson
SCHIFF HARDIN LLP
danderson@schiffhardin.com

Jill B. Berkeley
SCHIFF HARDIN LLP
jberkeley@schiffhardin.com

Fred R. Biesecker
ICE MILLER
fred.biesecker@icemiller.com

Tracy Ann Campbell
SCHIFF HARDIN LLP
tcampbell@schiffhardin.com

Andrew J. Detherage
BARNES & THORNBURG LLP
andy.detherage@btlaw.com

John Paul Fischer Jr.
BARNES & THORNBURG LLP
john.fischer@btlaw.com

Benjamin C. Fultz
TACHAU MADDOX HOVIOUS & DICKENS
bfultz@tmhd.com

Brent W. Huber
ICE MILLER
brent.huber@icemiller.com

Cynthia M Kirk
DANN PECAR NEWMAN & KLEIMAN
ckirk@dannpecar.com

Angela Pease Krahulik
ICE MILLER
krahulik@icemiller.com

Kevin Michael Norris
TACHAU MADDOX HOVIOUS & DICKENS
knorris@tmhd.com

William L. O'Connor
DANN PECAR NEWMAN & KLEIMAN
woconnor@dannpecar.com

Jonathan G. Polak
DANN PECAR NEWMAN & KLEIMAN
jpolak@dannpecar.com

Thomas L. Woodman
WINSTEAD SECHREST & MINICK PC
twoodman@winstead.com

Michael Calvin Wright
WINSTEAD SECHREST & MINICK PC
mwright@winstead.com