UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EXECUTIVE RISK SPECIALTY INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | CAUSE NO. 1:05-cv-504-LJM-WTL |
| PROLIANCE ENERGY, LLC, et al., ) ) ) | |
| Defendants. ) | |

### ENTRY ON MOTIONS FOR PROTECTIVE ORDER

This cause is before the Court on two motions for protective order filed by Plaintiff Executive Risk Specialty Insurance Company ("ERSIC"). The motions are fully briefed, and ERSIC has submitted the documents that are the subject of the motions to the Court for an *in camera* review. The Court, being duly advised, **GRANTS IN PART AND DENIES IN PART** both motions for the reasons and to the extent set forth below.

Defendants ProLiance Energy LLC and Briane M. House (collectively "ProLiance") were sued by the City of Huntsville in 2002. ERSIC, ProLiance's insurer, paid a portion of ProLiance's defense costs in the Huntsville suit pursuant to a reservation of rights. In December 2003, anticipating a possible coverage dispute with ProLiance, ERSIC hired the law firm of Winstead Sechrest Minick P.C. ("Winstead") as "monitoring counsel" to "render legal advice to ERSIC regarding coverage under the Policy, address concerns regarding ProLiance's lack of communication and cooperation with ERSIC in the claims process, and help guide ERSIC through the pre-litigation process." In February 2005, the jury in the Huntsville suit entered a verdict against ProLiance. On March 31, 2005, ERSIC denied coverage under the policy; ERSIC then filed this action on April 8, 2005, seeking recovery of the defense costs it has

already paid and a declaratory judgment that it has no obligation under the policy to contribute to defense costs or payment of the judgment.  Winstead represents ERSIC in this case.

At issue in the instant motions is whether certain documents are privileged and therefore protected from discovery.  The documents in the first category were created prior to the March 31, 2005, denial of coverage ("Category 1 Documents") and were not authored by or addressed to Winstead; ERSIC asserts that they are protected by the work product privilege, but ProLiance argues that they could not be because ERSIC did not anticipate litigation prior to its denial of coverage.  Even assuming that ERSIC anticipated litigation at the time each of the documents was created, that alone is not enough to place the documents under the protection of the work product privilege.  Rather, in addition, "the primary motivating purpose behind the creation of a document or investigative report must [have been] to aid in possible future litigation." *Binks Mfg. Co. v. National Presto Indus., Inc.,* 709 F.2d 1109, 1119 (7th Cir. 1983) (citation omitted). The Court has examined the documents *in camera* and determined that, with one exception, the documents were not created to aid in anticipated litigation, but rather were created as part of ERSIC's internal process of analyzing and reviewing claims under its policies.  Therefore, the documents are not protected by the work product privilege.   The one exception is the document denominated as ERSIC 07462 and ERSIC 07469;[1] this document clearly is privileged and need not be produced.

ERSIC also argues that some of the documents in this category also are protected by the

---

[1]This is two copies of the same document.  The nature of the document is such that it clearly does not fall under the "substantial need" exception to the work product privilege, as it is irrelevant to the substance of this case.

attorney client privilege.[2] The documents in question do not constitute communications between ERSIC and its counsel, and while ERSIC asserts that the documents were created "with the advice and input" of counsel, counsel's advice is not apparent on the face of the documents; rather, most of the documents consist of factual summary and what appears to be the author's own analysis of the situation. While that analysis might well have been influenced by discussions with counsel, that does not make it privileged. Accordingly, the Court determines that ERSIC has not demonstrated that the documents are protected by the attorney client privilege.

With the exception of the document denominated as ERSIC 07462 and ERSIC 07469, none of the Category 1 Documents are privileged; the documents therefore shall be produced. ProLiance believes that there may be a discrepancy between the Category 1 Documents that were produced for *in camera* review and the documents that ProLiance believes from examining ERSIC's privilege log constitute Category 1. After ProLiance receives and reviews the documents produced pursuant to this Entry, it shall work with ERSIC to resolve any discrepancies it perceives.

The second category of documents consists of two documents. The first is a March 31, 2005, memorandum; the Court determines from the face of the document that it was created in anticipation of litigation and is protected by the work product privilege. The second is an email which the Court does not believe is work product; however, as an internal accounting document it is irrelevant to the issues in this case and is therefore not discoverable.

---

[2]ProLiance argues that ERSIC waived any attorney client privilege by not claiming it on its privilege log; because the Court finds that the documents are not privileged, it need not address the waiver argument.

Category 3 Documents consist of those documents that were created before this case was filed and which ERSIC argues are protected by the attorney client privilege because they were authored or received by Winstead. ProLiance argues that some or all of the documents relate to work performed by Winstead as "monitoring counsel," rather than counsel retained to give legal advice, and therefore they are not privileged. It is true that an insurer may not avoid production of its otherwise non-privileged communications regarding its routine claims investigation and decisionmaking by hiring an attorney to act as its claims adjuster; in such cases, the attorney is not giving legal advice, but rather is performing a routine business function that could have just as easily been handled by a non-lawyer. *Harper v. Auto-Owners Ins. Co.*, 138 F.R.D. 655, 671 (S.D. Ind. 1991). However,

> Consultations regarding a policy of insurance between an insurance company and its attorney prior to the time the insurance company has accepted its obligations under that policy are protected by the attorney-client privilege vis a vis the person insured by the policy. Such a rule makes perfect sense, as an insurance company should be free to seek legal advice in cases where coverage is unclear without fearing that the communications necessary to obtain that advice will later become available to an insured who is dissatisfied with a decision to deny coverage. A contrary rule would have a chilling effect on an insurance company's decision to seek legal advice regarding close coverage questions, and would disserve the primary purpose of the attorney-client privilege-to facilitate the uninhibited flow of information between a lawyer and client so as to lead to an accurate ascertainment and enforcement of rights. . . . [A]n insurance company's retention of legal counsel to interpret the policy, investigate the details surrounding the damage, and to determine whether the insurance company is bound for all or some of the damage, is a "classic example of a client seeking legal advice from an attorney.

*Hartford Financial Services Group, Inc. v. Lake County Park and Recreation Bd.*, 717 N.E.2d 1232, 1235-36 (Ind. App. 1999) (citation omitted).[3]

---

[3]Because this is a diversity case governed by Indiana substantive law, the issue of whether and to what extent the attorney-client privilege applies also is governed by Indiana, not federal, law. See Federal Rule of Evidence 501 ("[I]n civil actions and proceedings, with respect

An examination of the documents submitted for *in camera* review demonstrates that the situation described in *Hartford* is present in this case. While Winstead was referred to by ERSIC as "monitoring counsel," and certainly may have performed some non-legal roles, its role clearly included providing legal advice as well. Any document in which that legal advice is sought or communicated is protected by the attorney-client privilege; the remaining documents (most, if not all, of which consist of non-substantive, "cover sheet" type documents) are not. A list of which documents fall into which category will be provided to counsel shortly after the upcoming status conference, once a few numbering discrepancies are resolved.

SO ORDERED: 01/17/2007

*William T. Lawrence*

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

---

to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.").

Copies to:

David H. Anderson
HOWREY LLP
andersond@howrey.com

Jill B. Berkeley
HOWREY LLP
berkeleyj@howrey.com

Andrew J. Detherage
BARNES & THORNBURG LLP
andy.detherage@btlaw.com

John Paul Fischer Jr.
BARNES & THORNBURG LLP
john.fischer@btlaw.com

Benjamin C. Fultz
TACHAU MADDOX HOVIOUS & DICKENS
bfultz@tmhd.com

Cynthia M Kirk
DANN PECAR NEWMAN & KLEIMAN
ckirk@dannpecar.com

Kevin Michael Norris
TACHAU MADDOX HOVIOUS & DICKENS PLC
knorris@tmhd.com

William L. O'Connor
DANN PECAR NEWMAN & KLEIMAN
woconnor@dannpecar.com

Thomas L. Woodman
WINSTEAD SECHREST & MINICK P.C.
twoodman@winstead.com

Michael Calvin Wright
WINSTEAD SECHREST & MINICK PC
mwright@winstead.com