**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **EXECUTIVE RISK SPECIALTY** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
|   **Plaintiff,** | ) | |
| | ) | |
|     **vs.** | ) | **CAUSE NO.  1:05-cv-504-LJM-WTL** |
| | ) | |
| **PROLIANCE ENERGY, LLC, et al.,** | ) | |
| | ) | |
|   **Defendants.** | ) | |

**ENTRY ON MOTION TO COMPEL AND MOTION FOR**
**LEAVE TO SERVE ADDITIONAL INTERROGATORIES**

This cause is before the Magistrate Judge on two related motions filed by the Defendants:
Motion to Compel Answers to Interrogatories and Compliance with Court Order and Motion for
Leave to Exceed Twenty-Five Interrogatories.  Both motions are fully briefed, and the
Magistrate Judge, being duly advised, **GRANTS** them both to the extent set forth below.

The Defendants have served far in excess of the twenty-five interrogatories permitted by
Federal Rule of Civil Procedure Rule 33(a) without first seeking leave of court to do so;
however, they have now filed their motion for leave, and the Magistrate Judge determines that
the interrogatories they have served generally are not unreasonable in scope or number given the
issues in this case.  Accordingly, the Defendants' Motion for Leave to Exceed Twenty-Five
Interrogatories is **GRANTED**, and the Plaintiff's objections based on the excess number of
interrogatories–while certainly proper at the time they were made, given the fact that leave had
not yet been sought by the Defendants–are overruled.

At issue in the Defendants' motion to compel are the Plaintiff's answers to several
contention interrogatories contained in the Defendants' first and second sets of interrogatories

which the Defendants believe are evasive and incomplete; specifically, nos. 8(d), 9, and 10 in the first set and 5 and 6 in the second set.  The first set of interrogatories addresses the Plaintiff's claim that, based upon two exclusion in the insurance policy ("the Policy") it issued to the Defendants, it has no duty to defend or indemnify the Defendants in their litigation with the City of Huntsville, Alabama ("the Claim").  The second set addresses the Plaintiff's claim in its amended complaint that the Defendants committed fraud and made misrepresentations regarding, inter alia, certain recorded telephone conversations and that the Plaintiff relied on the misrepresentations when it decided to pay certain of the Plaintiff's defense costs.  Each allegedly deficient interrogatory answer will be addressed in turn below.

Subpart (d) of interrogatory no. 8 seeks a "description of the policies and procedures applicable to the Claim."  The Plaintiff responded by stating that there are no documents that describe those policies and procedures and that the Claim was dealt with in the "normal course of business."  The Defendants argue that the Plaintiff should be required to provide a "meaningful narrative" that describes its "normal" policies and procedures.  However, the Magistrate Judge agrees with the Plaintiff that it is far more efficient for the Defendants to obtain this information via a Rule 30(b)(6) deposition rather than a long narrative interrogatory answer.  Accordingly, the motion to compel a response to this interrogatory is **denied** pursuant to Federal Rule of Civil Procedure 26(b)(2)(C)(i).

The Defendants next complain that the Plaintiff failed to respond to that part of interrogatory no. 9 that asks it to identify each person with knowledge of the facts and information upon which it relies in contending that the Policy does not give rise to coverage for the Claim.  To the extent that the Plaintiff knows of individuals with such information, it should identify those individuals in response to this interrogatory.  So, too, should the Plaintiff respond

2

to that part of interrogatory no. 9 that asks it to "state the date [it] determined that the Policy does not give rise to coverage for the Claim." The Plaintiff states in response to the instant motion that the date in question is March 30, 2005; the Defendants are entitled to have a signed interrogatory answer to that effect.

The Defendants object to the fact that the Plaintiff's answer to interrogatory no. 10 fails to describe separately the factual basis for each of its defenses as requested. The Magistrate Judge agrees that the Defendants' request is not unreasonable; the Plaintiff shall respond to the request as it is written and set forth the factual basis for each of its defenses individually.

Interrogatory no. 5 asks the Plaintiff to identify the date on which it became of aware of the factual basis for each of its fraud allegations; this information is relevant because the Plaintiff could not have acted in reliance on a fraudulent representation if it was already aware that the representation was fraudulent. The Plaintiff shall respond to this interrogatory by giving the specific date that it learned of each of the fourteen telephone conversations referenced in its complaint and each of the five allegedly fraudulent acts identified by the Plaintiff in its response to interrogatories 3 and 4. If the Plaintiff is unable to give a specific date that it learned about a particular conversation or act it may so state and then explain why; in such instances, the Plaintiff should provide a date range or other information if possible.

Interrogatory no. 6 asks Plaintiff to:

Identify each of the alleged "affirmative representations" that [it] claims the Policyholders made to [it] regarding "the contents of the recorded phone conversations" as alleged in paragraph 12 of Your First Amended Complaint by setting forth verbatim (or as close to verbatim as possible) each alleged misrepresentation, identifying the maker of the alleged misrepresentation, to whom the alleged misrepresentation was made, whether the alleged misrepresentation was oral or written, and the time, date, and place of the alleged misrepresentation. Also, identify all persons who have knowledge relating to each alleged misrepresentation.

3

The Magistrate Judge agrees with the Defendants that the Plaintiff's response is inadequate and that it is not unreasonable to expect the Plaintiff to set forth the basis for its fraud allegations in detail.  To the extent that the Plaintiff has the specific information requested about each alleged misrepresentation, it shall provide it; to the extent it does not, it shall so state.

SO ORDERED:  05/22/2007

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

4